UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MILLENIUM GROUP I, LLC**             **CIVIL ACTION**

**VERSUS**             **NO: 20-3159**

**FIRST AMERICAN TITLE INS. CO., ET AL**             **SECTION: "S" (3)**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** (Rec. Doc. 6) filed by defendant, First American Title Insurance Company, is **GRANTED** and First American Title Insurance Company is **DISMISSED with prejudice**.

### BACKGROUND

The facts as alleged in the petition, which the court accepts as true for purposes of this 12(b)(6) motion, are as follows. Plaintiff, Millennium Group I, LLC ("Millennium") purchased certain immovable property in St. Tammany Parish ("Property") on or about August 20, 2003. In connection with that purchase, Millennium obtained a title insurance policy issued by First American Title Insurance Company (First American). Millennium also obtained an endorsement to the policy, through which First American insured Millennium against loss or damage sustained in the event that multi-family uses were not permitted.[1]

---

[1] The endorsement provides:

The Company [First American] insures the Insured [Millennium] against loss or damage sustained in the event that, at the Date of Policy:
1. According to applicable zoning ordinances and amendments thereto, the land is

St. Tammany Parish zoned the Property as multi-residential. However, when Millennium attempted to build a multi-residential unit on the Property, on or about May 6, 2004, the Oak Harbor Property Owners Association ("Oak Harbor") denied Millennium's request to build a multi-residential unit and "demanded the lots remain as [a] Boat Service Area." Oak Harbor then filed suit in St. Tammany in 2004 seeking to enjoin Millennium from using the Property for anything other than a boat service area. Oak Harbor was eventually successful in enjoining Millennium from building multifamily residences, and limiting the use of the Property to a boat service area. In a judgment entered on December 14, 2004 in the 22nd Judicial District, St. Tammany Parish, the court held that certain covenants and restrictions burdened the Property, and enjoined construction of multifamily units by Millennium. The trial court's judgment was affirmed by the Louisiana First Circuit on Appeal on May 5, 2006.[2]

In 2017, St. Tammany Parish issued Millennium a violation notice requiring it to use the Property "only as multi residential units contrary to the law as set forth in the Judgment[.]"[3] On August 22, 2019, a St. Tammany Administrative Hearing Officer issued a ruling requiring

---

not classified Zone A-5 and A-6

2. The following use or uses are not allowed under that classification:

TWO FAMILY/MULTI FAMILY.

Rec. Doc. 1-1, Petition, ¶ 8.

[2] Oak Harbor Property Owners' Ass'n, Inc. v. Millennium Grp. I, L.L.C., 2005-0802 (La. App. 1 Cir. 5/5/06); 934 So. 2d 814.

[3] Rec. Doc. 1-1, Petition, ¶ 13.

2

Millennium to discontinue the use of the Property as a boat service area.

Millennium has sued First American arguing that the endorsement purchased by Millennium "either covered the current situation or due to negligence of First American and or its employees/agents/servant Mahony Title Services, LLC was the incorrect Endorsement/Rider to cover the situation that Millennium requested and paid for."[4]

In the instant motion, First American seeks to dismiss the claims against it, arguing that the claims are prescribed. First American contends that the latest date that Millennium had notice of building restrictions on the property conflicting with the zoning guaranteed under the First American policy endorsement was May 5, 2006, when the First Circuit Court of Appeal affirmed a judgment to that effect. First American further contends that, in addition to being prescribed, the alternative claim – for negligence – may only be pursued against an agent, which it is not.

## DISCUSSION

*Legal Standards*

### A. Dismissal under Federal Rule 12(b)(6)[5]

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule

---

[4] Id. at ¶ 15.

[5] "[A]ffirmative defenses that clearly appear on the face of the plaintiff's complaint—most commonly that the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion." Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776 (5th Cir. 1997) (citing Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1366 (5th Cir.1994); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357, at 352 (1990).

12(b)(6) motion to dismiss, 'enough facts to state a claim for relief that is plausible on its face' must be pleaded." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 555 (citations omitted). The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 556 U.S. at 678.

### B. Prescription

Generally, the party raising a prescription argument bears the burden of proving its application. Roane v. Jones, 116 So.3d 700, 707 (La. Ct. App. 2013). However, when a defendant "shows that the petition is prescribed on its face, the plaintiff bears the burden of proving [that] the prescriptive period has been suspended, interrupted or renounced." Wilhike v. Polk, 999 So.2d 83, 86 (La. Ct. App. 2008) (citing Lima v. Schmidt, 595 So.2d 624 (La. 1992)). Once prescription has run, it cannot be suspended. Dominion Expl. & Prod., Inc. v. Waters, 972 So.2e 350, 362 (La. Ct. App. 2007) (citing Geiger v. State ex rel Dept. of Health & Hosp., 815 So.2d 80 (La. 2002)).

Personal actions, such as a claim for breach of contract, prescribe in ten years. La. Civ.

 

Code art. 3499. Delictual actions, such as a claim of negligence, prescribe one year from the day the injury or damage is sustained. La. Civ. Code art. 3492. In this case, the ten-year prescriptive period applies to Millennium's claim under the terms of the First American policy, and the one-year prescriptive period applies to its claim of negligence against First American.

*Millennium's claim*

Millennium argues that the First American policy either did, or should have, covered the current situation, where Oak Harbor is forbidding the use of the property for multi-family units and requires that it be used for a boat service area, while St. Tammany parish requires that the land be used for multifamily and not as a boat service area. Millennium further argues that its cause of action did not accrue until St. Tammany changed the allowed use, either in August 22, 2019, when it required Millennium to discontinue using the Property as a boat service area, or in 2017, when it required it to be used for multifamily residential units.

The face of the complaint alleges that Millennium was aware of the St. Tammany Parish zoning laws in 2003 zoning it as A-5 and A-6, when it purchased the property, and was aware that it could not build multifamily in 2006 at the latest, when the Oak Harbor judgment became final. Accordingly, Millennium was aware of its current zoning situation since 2006, and its cause of action accrued then. In order to survive a motion to dismiss, Millennium bears the burden to come forward with evidence that prescription was suspended, interrupted, or renounced. Wilhike, 999 So.2d at 86. Millennium has not done so. Thus, Millenium's contract claim is prescribed due to the passage of over ten years, and the negligence claim is prescribed due to the passage of over a year. Therefore,

**IT IS HEREBY ORDERED** that the **Motion to Dismiss** (Rec. Doc. 6) filed by defendant, First American Title Insurance Company, is **GRANTED** and First American Title Insurance Company is **DISMISSED with prejudice**.

New Orleans, Louisiana, this 10th day of February, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**